# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK G. KIRCHOFF,

               Petitioner,    :    Case No. 1:13-cv-362

   - vs -                                  District Judge Michael R. Barrett
                                               Magistrate Judge Michael R. Merz

NORM ROBINSON, WARDEN,
 Chillicothe Correctional Institution,

                                   :

               Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Mark G. Kirchoff brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain relief from sentences imposed on him in the Clermont County Common Pleas Court upon his conviction on guilty pleas to a number of theft and securities regulation offenses.

Kirchoff pleads the following grounds for relief:

> **Ground One:** The Ohio State Courts Erred in allowing the Petitioner's Sentence, which was Contrary to Law and Failed to make the Required Findings Relative to the Imposition of Consecutive Sentencing Pursuant to ORC 2929.14(E)(4) and Oregon v. Ice, 555 US 160 (2009); and not Consistent with nor Procedurally Defaulted under *Smith v. Moore*, 415 Fed Appx 624, 2011 WL 338443 (C.A., 6th (Ohio), 2011) and its Progeny.
>
> **Ground Two:** The Ohio State Courts allowed an abuse of Discretion under ORC § 2929.11 and 2929.12 by Affirming Petitioner's Sentence to 9 Consecutive Sentences for a Total of 15 Years; when Petitioner was a First Time Offender convicted of non-violent offenses involving property only.
>
> **Ground Three:** The Petitioner contends that his Sentence is contrary to Law and unconstitutional in violation of Due Process; when the Ohio State Courts allowed the imposition of 9

1

> consecutive sentences for a Total of 15 years, for a First Time Offender and a shorter sentence is not demeaning to the seriousness of the offender's conduct and, this sentence is not consistent with sentences for similar crimes committed by similar offenders and; alternatively, despite Appellate Counsel's failure to argue, the Petitioner could not be convicted of and sentenced to multiple counts of theft and securities prohibitions, as they were all alleged as part of the same scheme or conduct, under the facts, and, therefore, must be considered Allied Offense of Similar Import under ORC 2941.25.

(Petition, Doc. No. 1.) On Magistrate Judge Litkovitz's Order (Doc. No. 4), Respondent Warden has filed a Return of Writ and the state court record (Doc. No. 8). Kirchoff filed a Reply (Doc. No. 9) and the case is thus ripe for adjudication.

**Procedural History**

Kirchoff was indicted on September 22, 2010, on twenty-one counts of theft from an elderly person, violations of the securities laws, and engaging in a pattern of corrupt behavior in Clermont County Case No. 10 CR 778. Pursuant to a plea agreement, Kirchoff pled guilty to eleven of those charges on November 4, 2010. On November 22, 2010, he was sentenced to one year in prison for each third-degree theft from an elderly person count, three years for each second-degree theft from an elderly person count, six months for a grand theft conviction, and three years from securities regulation conviction. Some sentences were made concurrent, but some consecutive, resulting in an aggregated sentence of fifteen years. Then on November 29, 2010, in Case No. 10 CR 940 he was charged by information on three more counts to which he pled guilty on December 3, 2010. Sentences in this second case were all run concurrent to the sentences in the first case.

Kirchoff appealed raising one assignment of error, to wit, that the trial court erred in

sentencing him to nine consecutive terms of imprisonment for a total of fifteen years. The Twelfth District Court of Appeals affirmed. *State v. Kirchoff,* 2011-Ohio-4718, 2011 Ohio App. LEXIS 3917 (12th Dist. Sept, 19, 2011). Kirchoff did not appeal this decision to the Ohio Supreme Court.

On March 12, 2012, Kirchoff filed a petition for post-conviction relief under Ohio Revised Code § 2953.21, contending his sentence was disproportionate to his offenses. The trial court dismissed the petition, holding the claim was barred by Ohio's doctrine of criminal *res judicata* (Return of Writ, Doc. No. 8, Exhibit 15, PageID 145). The court of appeals affirmed on the basis that the petition was untimely and in any event was without merit. *State v. Kirchoff,* Case No. CA 202-05-035 (12th Dist. Sept. 4, 2012)(unreported; copy at Return of Writ, Doc. No. 8-1, Ex. 20, PageID 167-68). Instead of filing an appeal to the Ohio Supreme Court, Kirchoff moved the court of appeals to reconsider, which it declined to do. He then appealed to the Ohio Supreme Court which declined to exercise jurisdiction. *State v. Kirchoff*, 134 Ohio St. 3d 1486 (2013). The instant habeas corpus petition followed.

# Analysis

**Statute of Limitations**

The Warden asserts that Kirchoff's Petition is barred by the relevant statute of limitations, 28 U.S.C. § 2244 (d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Warden calculates that Kirchoff's conviction became final on November 4, 2011, the last day on which Kirchoff could have appealed directly to the Ohio Supreme Court from affirmance of his conviction. (Return of Writ, Doc. No. 8, PageID 50). On that calculation, the statute of limitations expired a year later on November 5, 2012. The Petition was not filed until May 28, 2013, and thus was untimely by more than six months. *Id.*

Kirchoff asserts his Petition is timely because it was filed within one year and ninety days after the Ohio Supreme Court declined jurisdiction over his appeal from denial of reconsideration in the Twelfth District Court of Appeals (Petition, Doc. No. 1, PageID 4-5). This assertion is incorrect for several reasons.

First of all, a conviction becomes final on direct appeal in Ohio on the forty-fifth day after the court of appeals decides the case if, as happened here, the defendant does not appeal to

the Ohio Supreme Court.  The additional ninety days for petitioning the United States Supreme Court to hear the case on certiorari only applies in those cases where an appeal has been taken to the highest state court.  See 28 U.S.C. § 2257.

Secondly, the time for filing is only tolled under 28 U.S.C. § 2244(d)(2) only by a properly filed applications for collateral review.  The Ohio courts expressly found Kirchoff's post-conviction petition was untimely.  *State v. Kirchoff,* Case No. CA 202-05-035 (12th Dist. Sept. 4, 2012)(unreported; copy at Return of Writ, Doc. No. 8-1, Ex. 20, PageID 167-68).

In his Reply, Kirchoff asserts his attack on his sentence in the trial court is not subject to the time limitations "on a 60(B) Motion or any form of Post-Conviction Relief" because "a void Judgment can be attacked at anytime and in any form."  (Reply, Doc. No. 9, PageID 263, citing *State v. Fischer,* 128 Ohio St. 3d 92 (2010)).  In *Fischer*, the Ohio Supreme Court reiterated the distinction between void and voidable judgments:

> [**P6] . . . "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Payne*, 114 Ohio St.3d 502, 2007 Ohio 4642, 873 N.E.2d 306, P 27. See also *State v. Simpkins*, 117 Ohio St.3d 420, 2008 Ohio 1197, 884 N.E.2d 568, at P 12. But those statements of law have sparked a recurrent and increasingly divisive debate in our case law on sentences that fail to properly impose postrelease control in accordance with the terms mandated by the General Assembly.
>
> [**P7]  The crux of our debate arises from the fact that in the normal course, sentencing errors are not jurisdictional  and do not render a judgment void. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 449-450, 1997 Ohio 258, 674 N.E.2d 1383; *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038. Rather, void sentences are typically those in which a court lacked subject-matter jurisdiction over the defendant. *Payne*.

> [**P8]  But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void. See, e.g., *Simpkins*, at P 14; *State v. Bezak,* 114 Ohio St.3d 94, 2007 Ohio 3250, 868 N.E.2d 961; *State v. Jordan,* 104 Ohio St.3d 21, 2004 Ohio 6085, 817 N.E.2d 864*; State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774; *Colegrove v. Burns* (1964), 175 Ohio St. 437, 25 O.O.2d 447, 195 N.E.2d 811. See also *Woods v. Telb* (2000), 89 Ohio St.3d 504, 2000 Ohio 171, 733 N.E.2d 1103.

*Id.* In *Fischer* the court held that failure of a trial court to impose a statutorily-required term of post-release control renders that part of the judgment void, requiring a re-sentencing hearing to impose post-release control but not a resentencing *de novo*. *Id.* at ¶ 38.

The Twelfth District Court of Appeals did not accept Kirchoff's theory that the asserted invalidity of his sentence made it void and thus it could be raised at any time. Instead, it concluded his motion to correct the sentence was properly classified as a petition for post-conviction relief under Ohio Revised Code § 2953.21 and subject to the statute of limitations adopted for that remedy. Kirchoff argues that decision was in error, but that is a question of state law on which the state court decision is binding on federal habeas courts. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).

Because Kirchoff's motion to correct sentence was not properly (i.e. timely) filed, it did not toll the statute of limitations. The Petition should be dismissed with prejudice as barred by 28 U.S.C. § 2244.

**Procedural Default**

The Warden also asserts Kirchoff's claims are barred by his procedural default in presenting them to the state courts.

6

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .

7

> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

To the extent Kirchoff raised his claims regarding his sentence on direct appeal, he procedurally defaulted those claims by not appealing to the Ohio Supreme Court. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

On the other hand, to the extent Kirchoff presented his claims regarding his sentence in his motion to correct, he procedurally defaulted those claims by not presenting them on direct appeal. The Twelfth District held this failure against him when it held those claims were barred by *res judicata. State v. Kirchoff,* Case No. CA 202-05-035 (12th Dist. Sept. 4, 2012)(unreported; copy at Return of Writ, Doc. No. 8-1, Ex. 20, PageID 167).

Under the Ohio doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment. Syllabus in *State v. Perry*, 10 Ohio St. 2d 175

(1967)(emphasis *sic*.). *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970).

The *Perry res judicata* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *Mason v. Mitchell,* 320 F.3d 604, 628 (6th Cir. 2003); *Coleman v. Mitchell,* 268 F.3d 417, 429 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

Although Kirchoff denies procedural default applies to his case (Reply, Doc. No. 9, PageID 261), he offers no reasoning or authority to support that position. It is therefore respectfully recommended that the Petition be dismissed with prejudice as barred by Kirchoff's procedural defaults.

**Merits Analysis**

As the Court reads the Petition, Kirchoff claims that his sentence of fifteen years is too long for the non-violent property crimes of which he was convicted (Petition, Doc. No. 1, PageID 5). He admits that he pleaded guilty on fourteen felony charges under Ohio law. *Id.* He does not contest the validity of his plea or the underlying facts. *Id.* He does not claim that on any one count he was sentenced to more than the maximum prison time provided by law for the relevant offense. Rather, his claim is that "a 15 year term for a first time offender for non-violent crimes involving property was excessive. . . . the trial court abused its discretion under Ohio Revised Code § 2929.11 and 2929.12." *Id.* at PageID 6.

9

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).

One way in which a habeas petitioner can construe an excessive sentence as a violation of the federal constitution is to allege that it amounts to cruel and unusual punishment prohibited by the Eighth Amendment.  Kirchoff, however, did not make that argument to the Ohio courts and does not make it here.  The argument would be unavailing if he made it, as the Supreme Court while it has stated that the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime, the recent application of this principle has been to death penalty cases as the penalty of death is different from other forms of criminal punishment. *Rummer v. Estelle*, 445 U.S. 263, 272 (1980).   "Successful proportionality challenges outside the context of capital punishment 'have been exceedingly rare.'" *Harmelin v. Michigan*, 501 U.S. 957, 963 *quoting Rummer*, 445 U.S. 263.  The Court further stated that "[w]e have drawn the line of required individualized sentencing at capital cases, and see no basis for extending it further." *Id*. at 996. *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (holding that the state court did not error when sentencing Petitioner to two consecutive 25 to life sentences for petty theft under California's "three strike" statute as "the gross disproportionality principle reserves a constitutional violation for only the extraordinary case.")

Arguing that the trial judge abused his discretion in imposing sentence under Ohio Revised Code § 2929.11 and 2929.12 does not state a claim under the Constitution.  Abuse of discretion is not a denial of due process *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

In rejecting the claim of abuse of discretion, the court of appeals wrote:

10

[*P8]  Appellant argues that the trial court erred in imposing consecutive sentences for a total of 15 years because he is a first time offender for nonviolent crimes involving property. Appellant argues that the consecutive prison term should be reversed as the trial court abused its discretion in its consideration of R.C. 2929.11 and R.C. 2929.12.

[*P9]  In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." *Foster* at ¶100. Accordingly, in applying *Foster*, appellate courts must apply a two-step procedure when reviewing felony sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4, 896 N.E.2d 124. "[T]his court must (1) examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law, and, if the first prong is satisfied, (2) review the sentencing court's decision for an abuse of discretion." *State v. Wiggins,* Warren App. No. CA2009-09-119, 2010-Ohio-5959, ¶7, citing *Kalish* at ¶4. Although appellant's assignment of error relates to prong two of the *Kalish* test, this court will briefly review the sentence's compliance with the applicable rules and statutes in this case.

[*P10]  Appellant pled guilty to a total of three second-degree felonies, seven third-degree felonies, three fourth-degree felonies, and one first-degree misdemeanor. The sentence for each was within the statutory range for the respective degree of felony or misdemeanor. Also, the trial court made clear in its judgment entries that it considered the purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12. *Kalish* at ¶18; *State v. Bishop,* Clermont App. No. CA2010-08-054, 2011-Ohio-3429, ¶15. Accordingly, the sentence is not clearly and convincingly contrary to law. As the first prong of the *Kalish* test is satisfied, we now turn to the second prong, whether the trial court abused its discretion in imposing the sentence. [Footnote omitted.]

[*P11]  "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912 at ¶19, 896 N.E.2d 124. As to sentencing, a trial court does not abuse its discretion as long as careful and substantial deliberation is given to the relevant statutory considerations. *Bishop*, 2011-Ohio-3429 at ¶15.

[*P12] Appellant argues that the trial court abused its discretion in its consideration of the purposes and principles of sentencing under R.C. 2929.11 when sentencing him. Specifically, appellant argues that the trial court abused its discretion because it did not specify the facts that would support a finding that the sentence protects the public in compliance R.C. 2929.11. Appellant also claims that the trial court failed to properly weigh the seriousness and recidivism factors contained in R.C. 2929.12. We find that the trial court did not abuse its discretion in ordering appellant to serve nine consecutive sentences for a total of 15 years.

[*P13] First, R.C. 2929.11 and R.C. 2929.12 only "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Kalish* at ¶17. The trial court is not required to consider each factor in the statutes, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Id. The fact that the trial court chose to weigh the various sentencing factors differently than how appellant would weigh them is not sufficient to establish an abuse of discretion. As noted above, the trial court made it clear in both sentencing entries that it considered the principles and purposes of sentencing and balanced the seriousness and recidivism factors of the relevant statutes.

[*P14] Additionally, the record demonstrates that the trial court gave careful and substantial deliberation to the circumstances and factors of the case. The trial court withheld sentencing in the initial case until a presentence investigation could be completed. The court then considered this presentence report along with "the record, oral statements, any victim impact statement" prior to imposing the sentence. This presentence report indicated that appellant's actions were not a result of an addiction, such as to drugs or gambling, but rather to maintain an extravagant lifestyle. It further revealed that appellant had no genuine remorse for his actions and never had any intention of repaying any of his victims. Appellant preyed on the elderly and disabled and as the state argued, took their life savings simply out of greed. Thus, the court found that appellant's crime was so serious that "no single prison sentence for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the offender's conduct, and that his conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

*State v. Kirchoff*, 2011-Ohio-4718, 2011 Ohio App. Lexis 3917 (12th Dist. Sept. 19, 2011).

Kirchoff objects to the court of appeals' reliance on *State v. Foster, supra*, on the grounds that it has been replaced by House Bill 86. But whether that is what the General Assembly intended is a question of state law and the Ohio courts held that *Foster* applied here.

Kirchoff relies on *Oregon v. Ice*, 555 U.S. 160 (2009), but that case authority is against him in that it upheld traditional imposition of consecutive sentences based on facts found by the sentencing judge rather than the jury.

Kirchoff principally relies on *Smith v. Moore*, 415 Fed. Appx. 624 (6th Cir. 2011). Smith was convicted of one count of aggravated robbery and three counts of kidnapping in connection with a credit union robbery. Smith was sentenced in 2005 when the relevant Ohio sentencing statute, Ohio Revised Code § 2929.14, required a defendant to be sentenced to the shortest authorized prison term unless the judge made factual findings which would authorize a longer term. Smith was sentenced to more than the minimum term on the basis of a judicial finding that a lesser sentence would demean the seriousness of his conduct. The Sixth Circuit found this requirement of Ohio law violated the *Apprendi-Blakely* line of precedent and reversed.

However, after Smith was sentenced but before Kirchoff was sentenced, the Ohio Supreme Court decided that *Blakely v. Washington,* 542 U.S. 296 (2004) renders the whole Ohio sentencing scheme, including Ohio Revised Code § 2929.14, unconstitutional. *State v. Foster*, 109 Ohio St. 3d 1 (2006). Kirchoff was not sentenced under Ohio Revised Code § 2929.14 as it existed when Smith was sentenced. Rather, he was sentenced under *Foster*, which eliminated the unconstitutional portions of S.B. 2.

Kirchoff provides extensive argument about why his sentence is inappropriate given his age, family circumstances, and lack of prior record (Petition, Doc. No. 1, PageID 13-14). He also cites other defendant who received lighter sentences. *Id.* at PageID 16. However, federal

13

habeas courts do not sit to review the equity of state criminal sentences, nor is there any federal constitutional requirement that sentences be consistent from judge to judge within the same state system.

Kirchoff makes an alternative argument that all of the offenses for which he was separately punished were allied offenses of similar import which must be merged under Ohio Revised Code § 2941.25 (Petition, Doc. No. 1, PageID 318). This claim is barred by Kirchoff's failure to present it to the state courts. If the claim were to be considered under the Double Jeopardy Clause, it would not have merit because of the separate victims and/or different elements of the offenses. See *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

**Conclusion**

On each of the three alternative bases discussed above, the Petition in this case should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

Jul 16 2014 5:43 PM



X _____
Michael R. Merz

14

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).