IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MARK G. KIRCHOFF,

        Petitioner,      :      Case No. 1:13-cv-362

  - vs -                             District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

NORM ROBINSON, WARDEN,
 Chillicothe Correctional Institution,

        Respondent.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Petitioner's Objections (Doc. No. 13) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 11). Judge Barrett has recommitted the case for reconsideration in light of the Objections (Doc. No. 14). As permitted by Fed. R. Civ. P. 72, the Warden has filed a Response to the Objections (Doc. No. 15).

      Kirchoff pleads three grounds for relief. The Report recommended that all three be dismissed as barred by the federal one-year statute of limitations and as barred by Kirchoff's procedural defaults in presenting them to the Ohio courts. The Report also concluded in the alternative that all three grounds were without merit. Kirchoff objects to all conclusions reached in the Report.

      Kirchoff's overarching objection is that the Magistrate Judge has recommended dismissal on what he calls "technicalities." He asserts that as a *pro se* litigant he should not be barred by technicalities, citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Petitioner fails to distinguish between liberal construction of pleadings, which *Haines* supports, and ignoring the

1

procedural requirements of federal habeas corpus law, which *Haines* does not support. For example, 28 U.S.C. § 2244, the statute of limitations, requires that a petition be filed within one year of the date the conviction is final. Nothing in *Haines* or any other Supreme Court case known to the Magistrate Judge provides that if a petitioner is proceeding *pro se,* he gets thirteen months to file. *Pro se* status does not excuse failure to meet procedural requirements.

**Statute of Limitations**

The Report calculated that Kirchoff missed the filing deadline of November 5, 2012, by more than six months (Report, Doc. No. 11, PageID 272). Kirchoff calculates his time to file as running from the Ohio Supreme Court's refusal to hear his appeal from denial of his Motion to Correct[1] on March 13, 2013 (Objections, Doc. No. 13, PageID 289). But Kirchoff's Motion to Correct was a collateral attack in his conviction and 28 U.S.C. § 2244 makes the time to file a habeas petition run from finality on direct review.

A properly filed collateral attack on a judgment will toll the statute of limitations while it is pending. 28 U.S.C. § 2244(d)(2). Kirchoff claims his Motion to Correct was a "properly filed" collateral attack and therefore tolled the federal statute of limitations *Id.* The Motion to Correct was filed March 12, 2012 (Return of Writ, Doc. No. 8-1, PageID 141). Clermont County Common Pleas Judge Ferenc denied the Motion on the merits, holding that, because the Twelfth District Court of Appeals had affirmed the sentence, "the issue of the correctness of the Defendant's sentence is *res judicata* and this Court has no jurisdiction to modify it." (Return of Writ, Doc. No. 8-1, PageID 145.) The Twelfth District Court of Appeals held the Motion was

---

[1] The Twelfth District Court of Appeals treated this as a petition for post-conviction relief under Ohio Revised Code § 2953.21. *State v. Kirchoff*, Case No. CA2012-05-035 (unreported, copy at Doc. No. 8-1, PageID 167). Ohio does not have a proceeding in a criminal case initiated by a "motion to correct."

2

untimely, having been filed almost six months beyond the deadline. *State v. Kirchoff*, Case No. CA2012-05-035 (unreported, copy at Doc. No. 8-1, PageID 167-68). It also held his claim was without merit because Am. Sub. H.B. No. 86, on which he relied only became effective after he was sentenced. *Id.* at PageID 168. Kirchoff "asks this Court to find that it [the Motion to Vacate] was timely filed," (Objections, Doc. No. 13, PageID 289), but he gives no basis for doing so and no authority on which this Court could overrule the Twelfth District on this question of state law. In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court held that, to be properly filed under § 2244(d)(2), a collateral attack had to be timely under state law. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that a postconviction petition rejected by the state courts as untimely is not "properly filed" within 28 U.S.C. § 2244(d)(2). *Accord, Allen v. Siebert,* 552 U.S. 3 (2007)(an untimely post-conviction petition is not properly filed regardless of whether the time element is jurisdictional or an affirmative defense.)

Kirchoff asserts this "technicality" of the statute of limitations is no bar because he has pled due process violations under the Fifth and Fourteenth Amendments (Objections, Doc. No. 13, PageID 289). But only petitions alleging constitutional violations can be heard at all in federal habeas cases of state prisoners. 28 U.S.C. § 2254(a). And there is no exception in § 2244 (d) for petitions which plead due process violations.

**Procedural Default**

Applying the four-part analysis required by *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); the Report found Kirchoff's claims procedurally defaulted by (1) not appealing his sentencing issues to the Ohio Supreme Court on direct appeal, having raised them in the

intermediate court of appeals or (2) *res judicata* as found by the Twelfth District in post-conviction (Report, Doc. No. 11, PageID 276-77). Kirchoff says this conclusion is "baseless" (Objections, Doc. No. 13, PageID 290). He says he can show excusing cause and prejudice, but he offers none. *Id.* He also says failing to consider his claims on the merits will result in a "fundamental miscarriage of Justice." *Id.* However, the miscarriage of justice exception to procedural default is only available to those who are actually innocent. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); see *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Kirchoff pled guilty and has offered no new evidence that he is actually innocent.

Kirchoff relied heavily in his Reply and now in his Objections on *Smith v. Moore*, 415 Fed. Appx. 624 (6th Cir. 2011). He says Smith was able to challenge his sentence "even though he failed to raise it on direct appeal." (Objections, Doc. No. 13, PageID 290.) The Sixth Circuit held that, because the Ohio Supreme Court had remanded many cases for reconsideration in light of *State v. Foster*, 109 Ohio St. 3d 1 (2006), without regard to whether a *Blakely* claim had been raised on direct appeal, the Ohio rule requiring raising such claims was not "regularly enforced. 415 Fed. Appx. at 628. In contrast to enforcing procedural default rules relating to *Blakely* claims, the Ohio Supreme Court does regularly enforce its criminal *res judicata* rules. The Report cites numerous Sixth Circuit cases for this point (Report, Doc. No. 11, PageID 277).

Another reason why *Smith* does not support Kirchoff's position is timing: Smith was sentenced in 2005 under a sentencing statute found unconstitutional (for violating *Blakely*) in *State v. Foster, supra*. Kirchoff was sentenced after *Foster* and without the offending statute in place.

A third reason why *Smith* does not control here is that it is a non-precedential decision of the Sixth Circuit. "Unpublished opinions are never controlling authority." *Fonseca v. CONRAIL*, 246 F.3d 585, 591 (6th Cir. Ohio 2001), 6th Cir. R. 28(g); *Salamalekis v. Commissioner of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir. 2000); *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007); *TriHealth, Inc., v. Bd. of Comm'rs, Hamilton Cty., Ohio*, 430 F.3d 783, 789 (6th Cir. 2005).

Kirchoff argues the Ohio General Assembly reenacted the law under which Smith was sentenced in 2011 in Am. Sub. H.B. 86 which applies retroactively (Objections, Doc. No. 13, PageID 291). On that basis he claims *Smith* is still controlling law. *Id.*, citing *Tobin v. Banks*, 2011 U.S. Dist. LEXIS 152621 (S.D. Ohio 2011)(Ovington, M.J.), and *Brantley v. Bradshaw*, 2012 U.S. Dist. LEXIS 110643 (S.D. Miss. 2012). *Tobin* says nothing about Am. Sub. H.B. 86; not surprisingly, *Brantley* says nothing about Ohio law. In fact Am. Sub. H.B. does not reenact the provisions under which Smith was sentenced but formally repeals them.

**Merits**

Kirchoff asserts again his sentences are disproportionate to his crime and therefore constitute cruel and unusual punishment in violation of the Eighth Amendment. The relevant law is cited in the Report. Kirchoff cites no Supreme Court case which comes anywhere near holding a sentence like his is unconstitutional. He cites *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010), but that case has nothing to do with the Eighth Amendment.

Kirchoff criticizes the Report for not considering his argument that his offenses should be merged under Ohio Revised Code § 2941.25 (Objections, Doc. No. 13, PageID 291). The

Report notes that "[t]his claim is barred by Kirchoff's failure to present it to the state courts." (Report, Doc. No. 11, PageID 282.) In any event, whether his offenses are allied offenses of similar import under Ohio law is a question of Ohio law which this Court cannot consider in federal habeas; our habeas jurisdiction is limited to federal constitutional questions. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).

Kirchoff also criticizes the Report for not considering a Double Jeopardy possibility (Objections, Doc. No. 13, PageID 291). But the Report did consider a double jeopardy interpretation of the relevant Ground for Relief and concluded "[i]f the claim were to be considered under the Double Jeopardy Clause, it would not have merit because of the separate victims and/or different elements of the offenses. See *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932)." (Report, Doc. No. 11, PageID 282.) Kirchoff makes no response to that analysis.

**Conclusion**

Kirchoff concludes "[t]he District Court must get beyond the technical deficiencies and rule that the Magistrate lost his way; perhaps was in too big of a hurry, and rushed to judgment." (Objections, Doc. No. 13, PageID 291.) The foregoing analysis, to the contrary, demonstrates that the Petition is both procedurally barred and without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any

appeal would be objectively frivolous.

August 27, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).