# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARK G. KIRCHOFF,

        Petitioner,    :    Case No. 1:13-cv-362

   - vs -                        District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

NORM ROBINSON, WARDEN,
 Chillicothe Correctional Institution,

                               :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This case is before the Court on Petitioner's Objections (Doc. No. 17) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," Doc. No. 16). Judge Barrett has recommitted the case for reconsideration in light of the Objections (Doc. No. 18).

       The original Report and Recommendations (the "Report," Doc. No. 11) and the Supplemental Report both recommend dismissing the Petition in its entirety as barred by the one-year statute of limitations in 28 U.S.C. § 2244. Kirchoff again objects (Doc. No. 17, PageID 311). However, he adds no new argument requiring additional analysis. The fact that Kirchoff pleads due process violations does not exempt him from the statute of limitations. Nor does his untimely collateral attack on the judgment toll the statute of limitations for reasons and on the authority cited in the Supplemental Report.

       Kirchoff believes he was entitled to be sentenced under the Ohio sentencing scheme as it existed before *State v. Foster*, 109 Ohio St. 3d 1 (2006), found that scheme unconstitutional. In

particular, he asserts the prior scheme has been reenacted by House Bill 86.  For proof, he cites the Ohio Criminal Sentencing Commission's H.B. 86 Summary Report.  That document, available online at www.opd.ohio.gov/Legislation/Le_OhioCrimSentSummary.pdf , expressly notes that H.B. 86 as passed "remove(s) the companion direction to judges to give reasons for consecutive sentences . . ." *Id.* at p. 10.  The Report continues "[t]he bill removes the need for judges to make findings for certain felony sentences, including . . . reasons for imposing consecutive sentences. . ." *Id.* at p. 11.  Finally, Kirchoff was sentenced November 22, 2010, and H.B. 86 was only effective September 30, 2011.

The gravamen of Kirchoff's claims is that he received too severe a sentence for the non-violent property crimes of which he was convicted (Objections, Doc. No. 17, PageID 312-13). The Report noted that such a claim could be phrased as a constitutional claim under the Cruel and Unusual Punishment Clause of the Eighth Amendment, but Kirchoff had never done that in the state courts (Report, Doc. No. 11, PageID 278).  Rather, he had framed his claim in the Ohio courts as an abuse of discretion argument and that is a question of state, not federal law.  *Id.*

Kirchoff now objects that "Federal District Courts regularly consider Habeas petitions which have "mixed Issues," both Federal and State questions." (Objections, Doc. No. 17, PageID 312, citing *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 235 (6th Cir. 2006)). Fazzini was a federal prisoner, attacking in habeas corpus the revocation of his federal parole; there are no state law issues involved in the *Fazzini* case.

Kirchoff argues lack of exhaustion of state court remedies "may be excused for many reasons; chief among them – **lack of legal recourse**." (emphasis in original)(Objections, Doc. No. 17, PageID 312, citing *Allen v. Ohio*, 2014 U.S. Dist. LEXIS 10264 (S.D. Ohio 2014)).  In *Allen*, Magistrate Judge Bowman did not excuse lack of exhaustion, but recommended that

Allen's habeas petition be stayed pending exhaustion of state court remedies under *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  In any event, discussion of the exhaustion doctrine is not pertinent because the undersigned has never recommended any finding of lack of exhaustion. Rather, the Report and Supplemental Report recommend dismissal for procedural default in pursuing state court remedies.  The Sixth Circuit has explained the distinction:

> As is well-established (although sometimes muddled by courts), two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, grounded in fealty to comity values and requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 732, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground). In procedural default cases, the state court or courts reject a direct or post-conviction appeal because the defendant failed to comply with some state law or rule concerning timeliness, pleading requirements, sufficient evidence, or the like.
>
> The second type of bar, exhaustion, is similarly grounded in respect for state court procedures, but it is federally mandated by AEDPA, see 28 U.S.C. § 2254(b)(1)(A), (c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims. *O'Sullivan*, 526 U.S. at 844. Often, federal courts will rule that a petitioner's claim is "defaulted" because the petitioner failed to exhaust his remedies and the time for refiling an appeal in the state court has passed. The unexhausted claim is then classified as "procedurally defaulted" and deemed forfeited absent a showing of cause and prejudice. *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).
>
> But exhaustion and procedural default are distinguishable in an important sense. A defendant could fail to exhaust a claim without procedurally defaulting if he could return to the state courts to exhaust. Alternatively, as in this case, the defendant could fail to exhaust without defaulting if a clarification in procedural law indicates that he has already taken the necessary action to exhaust. That is, forfeiture by failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an

> independent and adequate state ground to which the federal court must defer. Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did.

*Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 186-187 (6th Cir. 2004), *vacated on other grounds*, 545 U.S. 1151 (2005).

Kirchoff concludes: "[t]he bottom line being, habeas jurisdiction is not limited to Federal Constitutional questions. Further, look at the confusion in Ohio – post *Foster* – regarding sentencing. This court can use ancillary jurisdiction to review these important questions." (Objections, Doc. No. 17, PageID 312-13.) While this Court can consider questions of state law which arise in the exercise of the jurisdiction granted to it by Congress, it can only grant habeas corpus relief if the habeas petitioner is confined in violation of the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The doctrine of ancillary (or "pendent" or "supplemental" jurisdiction) has never been extended to habeas corpus.

Throughout this litigation, Kirchoff has relied on *Smith v. Moore*, 415 Fed. Appx. 624 (6th

4

Cir. 2011), which he says supports his position. It does not. In *Smith* the Sixth Circuit held that the Ohio Supreme Court's rule requiring objections to consecutive sentencing be raised on direct appeal was not regularly enforced. Its reasoning was as follows:

> We engage in a four-step inquiry to determine whether a claim was procedurally defaulted.
>
> > First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule . . . . Second, the court must decide whether courts actually enforced the state procedural sanction . . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim . . . . Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.
>
> *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). In our procedural default inquiry, we look to the "last explained state court judgment," to determine whether the state court judgment bars relief on procedural grounds. *Munson*, 384 F.3d at 314.
>
> Respondent contended before the district court that Petitioner procedurally defaulted his Sixth Amendment jury trial claim by failing to raise it on direct appeal. Respondent's procedural default argument fails for two reasons.
>
> It is true that Petitioner failed to raise his jury trial claim on direct appeal, and that the Ohio intermediate appellate court did not address the claim on its merits. Ordinarily this would constitute waiver on appeal, satisfying *Maupin's* first prong. However, following the Supreme Court's decision in *Blakely v. Washington*, holding that the Sixth Amendment prohibits a judge from imposing a sentence higher than the one supported by the jury's finding of fact, the Ohio Supreme Court revisited its sentencing scheme. In *State v. Foster*, 109 Ohio St. 3d 1, 2006 Ohio 856, 845 N.E.2d 470 (Ohio 2006), the Ohio Supreme Court determined that its sentencing scheme was unconstitutional according to *Blakely*. As a remedial measure, the Ohio Supreme Court severed the portions of

5

> the statute mandating imposition of a specific sentence absent additional judicial fact finding, and cabining the sentencing judge's discretion. *Id.* at 497.
>
> In the wake of *Foster*, the Ohio Supreme Court remanded numerous cases for re-sentencing, regardless of defendants' waiver of their *Blakely* arguments. *See, e.g., State v. Payne*, 114 Ohio St. 3d 502, 2007 Ohio 4642, 873 N.E.2d 306, 309 (Ohio 2007). Therefore, waiver on appeal of a *Blakely* challenge is not a procedural bar that the state of Ohio regularly enforced. According to *Maupin's* second prong, Petitioner's Sixth Amendment jury trial claim was not procedurally defaulted, and is properly before this Court.

*Smith*, 415 Fed. Appx. at 627-28.

It is the last two sentences of the above quotation which are fatal to Kirchoff's reliance on *Smith*. In *Smith* the Sixth Circuit held that the Ohio courts were not regularly enforcing the requirement that a *Blakely* challenge be raised on direct appeal. But Kirchoff is not raising a *Blakely* challenge. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. Kirchoff's challenge is that his sentence is unfairly severe, given the nature of his offenses. Nothing in *Smith* suggests that such a challenge cannot be procedurally defaulted under Ohio law. As noted in the Report, this is precisely what happened: the Twelfth District Court of Appeals held Kirchoff's claim as made in his motion to correct was barred by Ohio's *res judicata* doctrine. *State v. Kirchoff,* Case No. CA 202-05-035 (12th Dist. Sept. 4, 2012)(unreported; copy at Return of Writ, Doc. No. 8-1, Ex. 20, PageID 167.) As also noted in the Report, the Sixth Circuit has repeatedly upheld Ohio's criminal *res judicata* doctrine as an adequate and independent state ground of decision. (Report, Doc. No. 11, PageID 277, citing *Mason v. Mitchell,* 320 F.3d 604, 628 (6th Cir. 2003); *Coleman v. Mitchell,* 268 F.3d

6

417, 429 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001)).  *Smith* is not to the contrary.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.  This is not intended to suggest that Kirchoff is not acting in good faith, but simply that there is no objective basis for appeal.

October 6, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).