UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARK G. KIRCHOFF, | CASE NO.: 1:13cv362 |
| Petitioner, | Barrett, J. |
| | Merz, M.J. |
| v. | |
| NORM ROBINSON, Warden, | |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report") (Doc. 11), Petitioner Mark Kirchoff's Objections to the Report and Recommendation ("First Objections") (Doc. 13), the Magistrate Judge's Supplemental Report and Recommendation ("First Supplemental Report") (Doc. 16), Petitioner Mark Kirchoff's Objections to the Supplemental Report and Recommendation ("Second Objections") (Doc. 17), the Magistrate Judge's Second Supplemental Report and Recommendation ("Second Supplemental Report") (Doc. 19) and Petitioner Mark Kirchoff's Objections to the Second Supplemental Report and Recommendation ("Third Objections") (Doc. 21).

**I.   STANDARDS OF REVIEW**

  **A.  Objections**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C.

§ 636(b)(1).  General objections are insufficient to preserve any issues for review:  "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. 28 U.S.C. § 2254

Under 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treatises of the United States."  Generally that means that an application for writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits in the State court unless the petitioner properly has exhausted his administrative remedies and the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b), (d).  "This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).  The petitioner carries the burden of proof.  *Cullen*, 563 U.S. at 181.

## II. PROCEDURAL HISTORY

The Magistrate Judge explained the procedural history of this case at length, but by way of brief background, Petitioner was indicted on 21 counts of theft from an elderly person, violations of securities laws and engaging in a pattern of corrupt behavior in Clermont County, Ohio.  On November 4, 2010, Petitioner pled guilty to 11 of those counts.  On November 22,

2010, he was sentenced. Some of his sentences were made concurrent, some consecutive, and he was sentenced to an aggregate term of 15 years. Subsequently, Petitioner was charged by information on three more counts, to which he pled guilty and was sentenced; that sentence was to run concurrent to the sentences previously imposed.

### III. ANALYSIS

The Report, Supplemental Report and Second Supplemental Report address the three Grounds for Relief plead by Petitioner and the issue of a certificate of appealability.[1] Petitioner brings this Petition *pro se* pleading the following grounds for relief:

> **Ground One**: The Ohio State Courts Erred in allowing the Petitioner's Sentence, which was Contrary to Law and Failed to make the Required Findings Relative to the Imposition of Consecutive Sentencing Pursuant to ORC 2929.14E(4) and Oregon v. Ice, 555 US 160 (2009); and not Consistent with nor Procedurally Defaulted under *Smith v. Moore*, 415 Fed Appx 624, 2011 WL 338443 (C.A., 6th (Ohio), 2011) and its Progeny
>
> **Ground Two**: The Ohio State Courts allowed an abuse of Discretion under ORC § 2929.11 and 2929.12 by Affirming Petitioner's Sentence to 9 Consecutive Sentences for a Total of 15 Years; when Petition was a First Time Offender convicted of non-violent offenses involving property only.
>
> **Ground Three**: The Petitioner contends that his Sentence is contrary to Law and unconstitutional in violation of Due Process; when the Ohio State Courts allowed the imposition of 9 consecutive sentences for a Total of 15 years, for a First Time Offender and a shorter sentence is not demeaning to the seriousness of the offender's conduct and, this sentence is not consistent with sentences for similar crimes committed by similar offenders and; alternatively despite Appellate Counsel's failure to argue, the Petitioner could not be convicted of and sentenced to multiple counts of theft and securities prohibitions, as they were all alleged as part of the same scheme or conduct, under the facts, and, therefore, must be considered Allied Offense of Similar Import under ORC 2941.25.

#### A. Statute of Limitations

As a threshold matter, the Report recommends that the Petition be dismissed because it is barred by the statute of limitations. 28 U.S.C. § 2244(d) provides in pertinent part:

---
[1] Petitioner's First Objections, Second Objections and Third Objections largely rehash the same issues. As such, the undersigned makes reference to Petitioner's objections generally, except as necessary.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…

On December 23, 2010, Petitioner filed two separate notices of appeal in Ohio's Twelfth District Court of Appeals, which were *sua sponte* consolidated. Petitioner raised one assignment of error:

> 1. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO 9 CONSECUTIVE TERMS OF IMPRISONMENT FOR A TOTAL OF 15 YEARS.

The Twelfth District affirmed Petitioner's convictions and sentences on September 19, 2011. Petitioner did not appeal the Twelfth District's decision to the Ohio Supreme Court. Rather, on March 12, 2012, Petitioner filed a *pro se* motion to correct sentence in the trial court, which was denied on the basis of *res judicata*. Petitioner also appealed that decision. The Twelfth District affirmed the trial court's decision on September 24, 2010, finding Petitioner's motion untimely. Again, Petitioner did not appeal this decision to the Ohio Supreme Court. Instead, he filed a motion to reconsider in the appellate court, which was denied on November 13, 2012. This decision Petitioner did choose to appeal on December 13, 2012, but the Ohio Supreme Court declined to accept jurisdiction on March 13, 2013.

Petitioner objects to the Magistrate Judge's recommendation that his Petition be dismissed because it is barred by the statute of limitations. He argues his Petition is timely, as it was filed within one year of exhausting his State claims – March 13, 2013, according to Petitioner. (Doc. 13, PageID 289).

Contrary to Petitioner's argument, the Magistrate Judge correctly explained in the Report and First Supplemental Report that Respondent accurately calculated that Petitioner's conviction

4

became final on November 4, 2011 – the last day Petitioner could have appealed the affirmance of his conviction directly to the Ohio Supreme Court. (Doc. 11, PageID 272; Doc. 16, PageID 304). A conviction becomes final on direct appeal in Ohio 45 days after the court of appeals decides the case, unless the defendant appeals to the Ohio Supreme Court. *See Williams v. Wilson*, 149 Fed.Appx. 342 (6th Cir. 2005). Accordingly, because Petitioner did not appeal the affirmance of his conviction to the Ohio Supreme Court, the statute of limitations expired on November 5, 2012 pursuant to 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file his Petition until May 28, 2013.

Petitioner asks, in the alternative, to find the time for filing was tolled under 28 U.S.C. § 2244(d)(2), asserting that his motion to correct was a "properly filed" collateral attack, thereby tolling the statute of limitations. Under 28 U.S.C. § 2244(d)(2), a petition for post-conviction relief does not count towards the limitations period if it was properly filed. However, the Twelfth District found that Petitioner's post-conviction petition was untimely, rendering his motion not properly filed. *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed. 2d 213 (2000). As the Magistrate Judge correctly explained in his First Supplemental Report, Petitioner cites no authority for his request that this Court somehow find his petition timely. Consequently, the undersigned agrees with the Magistrate Judge that Petitioner's motion to correct sentence did not toll the statute of limitations.

In all of Petitioner's objections, he disparages the Magistrate's recommendation with respect to the statute of limitations, considering the issue, for example, a "technicality" or "technical denial." However Petitioner couches it, the objections he presents do not alter the correct analysis set forth in the Report, First Supplemental Report and Second Supplemental Report. Contrary to Petitioner's belief, pleading due process violations does not excuse him

from the statute of limitations. Accordingly, upon *de novo* review, the undersigned concludes the Petition should be dismissed with prejudice as barred by 28 U.S.C. § 2244.

### B. Procedural Default

As an alternative, the Magistrate Judge recommends that the Petition be dismissed with prejudice as procedurally defaulted. (Doc. 11, PageID 274-77).

The Sixth Circuit's four-part analysis for determining whether a claim has been procedurally defaulted in this manner is set forth in the Report. (Doc. 11, PageID 276) (quoting *Maupin*, 785 F.2d 135, 138 (6th Cir. 1986)). Petitioner objects to the Magistrate Judge's recommendation on the basis that "the Magistrate's analysis fails to meet the four-part test," citing *Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010). (Doc. 13, PageID 290). Petitioner offers no reasoning or authority to support his position. Upon review, the undersigned agrees with the Magistrate Judge that to the extent Petitioner raised his grounds in his direct appeal, they are procedurally defaulted because he did not appeal to the Ohio Supreme Court.[2]

Nevertheless, Petitioner argues that he "proved cause and prejudice." (Id.). Once again, he offers no support for his position. In all of Petitioner's objections, he relies on *Smith v Moore*, 415 Fed. Appx. 624 (6th Cir. 2011). He argues that the petitioner in *Smith* was able to challenge his sentence despite failing to raise it on direct appeal. (*See generally* Docs. 13, 17, 21). In *Smith*, the Sixth Circuit held that the Ohio Supreme Court was not regularly enforcing the rule under *Blakely v. Washington*, 542 U.S. 296 (2004) requiring objections to consecutive sentencing be raised on direct appeal. 415 Fed. Appx. at 628. As the Magistrate Judge correctly explained

---

[2] The fact that Petitioner appealed the Twelfth District's denial of his motion to correct sentence to the Ohio Supreme Court is immaterial to the procedural default analysis, as such a motion is not a direct appeal.

6

in his Second Supplemental Report, however, Petitioner is not raising a *Blakely* challenge.[3] Despite Petitioner's contention that the "Magistrate continues to question the validity of *Smith*," the question here is not whether *Smith* is good law, but whether it is applicable to the instant Petition. (*See* Doc. 21, PageID 328). Indeed, "Petitioner's case is premised on the excessive amount of time he received." (Doc. 13, PageID 290). Consequently, the Sixth Circuit's analysis in *Smith* simply does not apply to this case and thus, Petitioner's reliance on the same is misplaced. Instead, the Twelfth District held that Petitioner's claims brought in his motion to correct were barred by Ohio's *res judicata* doctrine – a doctrine regularly enforced in Ohio. In fact, the Magistrate Judge cited numerous Sixth Circuit cases in which the Ohio Supreme Court enforced its criminal *res judicata* doctrine. (Doc. 11, PageID 277). Accordingly, the undersigned agrees with the Magistrate Judge that to the extent Petitioner presented his claims in his motion to correct, he procedurally defaulted those claims by not presenting them on direct appeal.

## C. <u>Merits</u>

Even if Petitioner's claims are not barred by the statute of limitations or procedurally defaulted, the Magistrate Judge, in the alternative, recommends dismissing the Petition on the merits. Petitioner objects to the Magistrate Judge's conclusion, arguing that regardless of whether Petitioner properly raised an Eighth Amendment violation, the sentence amounts to cruel and unusual punishment. (*See* Doc 11, PageID 278).

Petitioner repeatedly argues that as a first time offender who was previously a law-abiding citizen, he "should have received the minimum and concurrent sentences." (Doc. 17, PageID 312). Petitioner generally argues that other defendants received lighter sentences and

---

[3] In *Blakely,* the Supreme Court held that any fact that increases the sentence beyond a legislatively-mandated guideline, even within a statutory maximum for the offense, must be pled as an element in the indictment. *Blakely v. Washington*, 542 U.S. 296 (2004).

thus, he should too. (*See generally* Docs. 13, 17). He cites no authority to support this contention. Regardless, however, the undersigned agrees with the Magistrate Judge's conclusion that federal habeas courts do not sit in review of the equity of criminal sentences. (Doc. 11, PageID 281-82). There is no federal constitutional requirement that defendants convicted of the same crime receive identical sentences; nor is there a requirement that sentences be consistent from judge to judge. (Id.).

Petitioner further argues that the Twelfth District abused its discretion imposing at 15-year sentence for what he considers non-violent property crimes. First, Petitioner argues that *Foster* has been replaced by H.B. 86. This inquiry, however, is a state-law question, not a question for this federal habeas court. Moreover, Petitioner again relies on *Smith*. 415 Fed. Appx. 624 (6th Cir. 2011). As the Magistrate Judge correctly explained, however, Petitioner was not sentenced under Ohio's sentencing scheme as it existed when Smith was sentenced in 2005.[4] Therefore, for the same reasons set forth in the Magistrate Judge's Report, Supplemental Report and Second Supplemental Report, the undersigned concludes that Petitioner's arguments are without merit.

Finally, the Magistrate Judge recommends dismissing Petitioner's Third Ground for relief—that his sentences must be merged as allied offenses of similar import—because Petitioner failed to present the issue in state court. Even if considered on the merits, however, the undersigned agrees that Petitioner's argument is unavailing. Petitioner's crimes involved different victims and the offenses were committed separately.[5] *State v. Ruff*, 143 Ohio St.3d 114 (2015). Accordingly, the offenses are not allied offenses of similar import.

---

[4] Ohio Revised Code § 2929.14 as it existed when Smith was sentenced was found unconstitutional in 2006. *State v. Foster*, 109 Ohio St.3d 1 (2006).
[5] For the same reasons, Petitioner's claim also fails if considered under the Double Jeopardy Clause.

Having reviewed the issues presented, the undersigned agrees with the recommendations set forth in the Report, Supplemental Report and Second Supplemental Report that because reasonable jurists would not disagree with the conclusions reached, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.  Despite Petitioner's disagreement with the Magistrate Judge's conclusions, Petitioner has made no substantive or persuasive showing otherwise.

### III.     CONCLUSION

Consistent with the foregoing, it is **ORDERED**:

1. Petitioner's First Objections (Doc. 13), Second Objections (Doc. 17) and Third Objections (Doc. 21) are **OVERRULED**.

2. The recommendations in the Report (Doc. 11), Supplemental Report (Doc. 16) and Second Supplemental Report (Doc. 19) are **ADOPTED.**

3. The Petition (Doc. 1) is hereby **DISMISSED WITH PREJUDICE.**

4. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous.

**IT IS SO ORDERED**.

                              s/*Michael R. Barrett*
                              Michael R. Barrett, Judge
                              United States District Court